DAY & AL. vs. MORTE.

The expences of a partner confied within the prison bounds under a process issued on a judgement obtained a-gainst the firm, are to be paid out of the part-nership funds.

APPEAL from the court of the first district.

PORTER, J. delivered the opinion of the court. This case presents but one question of any importance, and that is whether the part-nership funds are responsible for the board and lodging of one of the partners during the time he is confined within the prison bounds on an execution issued on a judgement obtained against the firm.

The general principle is that the partnership is responsible for all the accidents which may happen to any one of its members in transact-ing the common affairs, and all expences at-tendant on the business, for as they share in the gain, they ought to bear their part in the loss, *ubi lucrum, ibi est pericabem esse detrel* — *Pothirr traite du contrat de societe, nos.* 128 & 131, *Domat, Liv* 1, *Tit.* 8, § 3, *Art.* 12, *Par,* 5, 10, 16.

It would be a correct application of this doc-trine to say that in case one of the members

travel on a matter relating to the affairs of the
company, the expences of his board and lodg-
ing should be borne by the firm. There is
more difficulty in applying it when the partner
although engaged in the partnership affairs re-
main at his own domicil. The author of the
curia phillipica seems to carry the principle
even to that extent, and make the company
responsible for the necessary expences of sus-
tenance for one of the partners, while occupied
in their affairs, *y sus alimentos estando occupa-
do en ella; y no en sus negocios propios, Curia
Phill. Companeros, no. 46.*

Without going the whole length, with this
writer we think the case may be decided in
favor of the plaintiff. If it is true; and there is
no doubt of it, that the partner while travelling
has a right to be paid his expences, and if con-
fined during the voyage he would be supported
by the partnership, we think he has the same
right if confined at home. The injury inflic-
ted on him in both instances is a consequence
of the partnership affairs and in both, the part-
ner is placed in a situation when he can give
no attention to his private concerns. It is true
he is not doing the business of the firm at the
moment, but he is suffering for it, and that ap-

pears to us as strong a claim as can be present-
ed.

There appears to have been a payment
by the partner of $130, which the plaintiff
credited on an account of $180, in which
was included two items of 97 dolls. 50 cents,
for which the partnership was responsible.—
The parties differ how this payment should be
imputed, we think that it must first be applied
to the debt, which the party paying had the
most interest to discharge, and the balance to
be credited to the account of boarding and
lodging. This will make leave 47 dolls. and
50 cents over, to which the defendant is entitled
as a credit, as also the sum of 30 dolls. paid
on account. The balance will be 207 dolls.
and 50 cents, for which the plaintiff must have
judgement.

It is therefore ordered, adjudged, and decre-
ed, that the judgement of the district court be
be annulled, avoided, and reversed, and that
the plaintiff do recover of the defendant the
sum of two hundred and seven dollars, 50
cents, with costs in the court below, those in
this to be borne by the appellee.

Ripley for the plaintiff, Preston for the de-
fendant.